No. 19,469.

INDUSTRIAL COMMISSION OF COLORADO, ET AL. *v.*
GLOBE INDEMNITY COMPANY.

(358 P. [2d] 885)

Decided February 20, 1961.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for
plaintiff in error Industrial Commission of Colorado.

Mr. Richard L. Schrepferman, Mr. Richard E. Young, Mr. Edward M. Heppenstall, Messrs. Holme, Roberts, More & Owen, for plaintiff in error Roden & McRae Drilling Corporation.

Messrs. McComb, Zarlengo & Mott, for defendant in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

Disposition of this case is made on a procedural basis and therefore any detailed statement of the facts from which the controversy arose is deemed unnecessary.

On August 17, 1959, the Industrial Commission of Colorado (hereinafter referred to as the Commission) acting through its referee entered what he denominated as a "Supplemental Order" in the proceedings which reads in part as follows:

"This matter came before the Referee upon order of the Industrial Commission of Colorado to determine whether or not the Commission had jurisdiction of an accident and a claim arising therefrom as contemplated in the above entitled matter. The hearing at this time was restricted to a determination of this question and consideration with regard to liability for payment of compensation and medical benefits is deferred for a later hearing if necessary * * *.

"IT IS, THEREFORE, ORDERED: That the Industrial Commission of Colorado have and take jurisdiction with regard to all matters concerning the August 5, 1957, industrial accident of the claimant."

It should be noted at the outset that this "Supplemental Order" certainly was not a "summary order allowing or denying said claim" as required by C.R.S. '53, 81-14-4, but rather it was simply an order declaring that the Commission had jurisdiction of the matter with the

statement that additional hearings, if necessary, would be held. The obvious inference is that such would eventually culminate in a final award allowing or denying the claim. Notwithstanding the obvious interlocutory nature of this order, the Globe Indemnity Company (hereinafter referred to as Insurer) in due time filed its petition to review. Pursuant to what was deemed to be the applicable statute, the case was thereafter referred to the Commission which entered what it denominated as a "Supplemental Award" affirming and adopting the order of its referee. Thereafter the Insurer again filed a petition to review the "Supplemental Award" of the Commission, which petition was denied.

The Insurer pursuant to C.R.S. '53, 81-14-8, then commenced an action in the district court praying that this order or award of the Commission be set aside. Answers were filed by Roden and McRae Drilling Corporation (hereinafter referred to as employer) and the Commission. It should perhaps be noted that the claimant, one Kenneth E. Uhls, did not appear or participate in the preliminary hearing before the Commission, nor has he appeared in any manner in the judicial review of this "award."

Upon review the trial court entered judgment vacating the "order and award" of the Commission and remanded the matter with orders to dismiss. The trial court expressed grave doubt that this was a final order or award upon which a writ of error could be predicated, but notwithstanding such well-founded apprehension proceeded to enter judgment on the merits and in so doing held that the Commission under the facts and circumstances did *not* have jurisdiction of the matter.

 The Workmen's Compensation Act does not contemplate piecemeal judicial review of the many interlocutory orders of the Commission. C.R.S. '53, 81-14-4, provides that "after the conclusion of every hearing the referee shall make a summary order allowing or denying said claim * * *." Such has not yet been done in the

instant matter. The only awards of the Commission which are final and therefore reviewable are those which either allow or deny a claim or in some manner fix the rights or responsibilities of the parties. In the instant case the "Supplemental Award" sought to be reviewed simply declared it to be the belief of the Commission that it had jurisdiction to hear the matter and a declaration of its intent to do so, if necessary. Only when a final award is entered either allowing or denying the claim of Uhls is there a reviewable award within the meaning of the statute.

To hold otherwise would permit a party at the very threshold of the hearing to contest the jurisdiction of the Commission, and in the event of an adverse ruling to immediately apply to the courts for review and thereby unduly delay an actual hearing on the merits of the claim. Such procedure would defeat the very purpose of the Workmen's Compensation Act, which is, inter alia, to provide a method whereby claims arising out of industrial accidents may be speedily resolved.

The Insurer by this decision is, of course, not precluded from raising the issue of jurisdiction before the Commission, as it has already done, and by thereafter participating in the hearing proper it does not waive its right to raise the issue on review by the courts.

Recognizing that the factual situation in *Vanadium Corp. v. Sargeant,* 134 Colo. 555, 307 P. (2d) 454, is dissimilar to that in the instant case, nevertheless this court in that case at page 572 stated:

"Here it is clear that the original Commission Order of January 25, 1956 was interlocutory. The Commission has continuing jurisdiction until a final award is made either by terminating benefits or by ordering benefits to continue as provided by law."

The judgment is reversed and the matter is remanded to the trial court with directions to dismiss the complaint of Globe Indemnity Company and to remand the matter to the Commission for such further and additional hear-

ings as are deemed advisable and necessary, all without prejudice to the right of any party to present and assign as error any orders heretofore or hereafter entered by the Commission.

Mr. Chief Justice Hall and Mr. Justice Frantz concur.