No. 20,596.

THE STANLEY HOTEL, EMPLOYER, AND UNITED STATES
FIDELITY AND GUARANTY CO., INSURER, *v.* EVA N. THOMAS
AND THE INDUSTRIAL COMMISSION OF COLORADO.
(387 P. [2d] 27)

Decided November 26, 1963.

Mr. DUANE O. LITTELL, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for
defendant in error Industrial Commission of Colorado.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the
Court.

UNITED STATES FIDELITY & GUARANTY COMPANY and the

Stanley Hotel are plaintiffs in error here and will be referred to as the insurer and the employer respectively. Defendants in error Eva Thomas and the Industrial Commission will be referred to as claimant and Commission respectively.

Claimant sustained injuries resulting from an industrial accident on May 28, 1954. On July 31, 1956, a referee of the Commission entered a supplemental order awarding compensation in the total sum of $1,729.50 for temporary total disability from May 29, 1954, through November 21, 1955, and permanent partial disability of five per cent as a working unit. This order became final fifteen days after its entry.

On April 11, 1960, claimant filed a "petition to re-open claim" with the Commission but failed to attach thereto a written medical report as required by the rules of the Commission. On April 13, 1960, the Commission's claims chief wrote a letter to claimant advising her that in order to expedite matters a medical report should be secured and filed with the Commission. By letter dated July 25, 1960, the Commission forwarded a copy of claimant's "petition to re-open claim" and medical report to the insurer. The insurer thereafter filed its written objections to the reopening of the claim on the ground that the Commission lacked jurisdiction, contending, among other things, that the original award had not been reopened within six years from the date of the accident as required by C.R.S. '53, 81-14-19.

On August 18, 1960, the case was reopened on the Commission's own motion and the matter set for hearing to determine whether there was mistake, error or change of condition. Thereafter the referee held a hearing and then dismissed the claim on the ground that the Commission lacked jurisdiction to reopen and consider the case. This order was vacated and set aside by the Commission and the matter again set down for hearing as originally directed by the order of August 18, 1960. Application for review of the Commission's action was filed by the

insurer and denied. Review was thereafter sought by the insurer and the employer in the district court, wherein the claimant made no appearance. The district court affirmed the order of the Commission.

█ The Commission's "order" in the instant case from which the insurer and employer seek review is merely a determination by the Commission that it had jurisdiction to decide whether there was error, mistake, or a change in claimant's condition, and to enter an award of further compensation if it found that such error, mistake or change of condition was present. It was a determination by the Commission only that the six year statute of limitations had not run on its power to reopen under the circumstances of the particular case before it. As such it was not a final order of the Commission and is not reviewable at this stage in the proceedings.

The following language, appearing in *Industrial Commission of Colorado v. Globe Indemnity Company,* 145 Colo. 453, 358 P. (2d) 885, is pertinent here:

"The Workmen's Compensation Act does not contemplate piecemeal judicial review of the many interlocutory orders of the Commission. C.R.S. '53, 81-14-4 provides that 'after the conclusion of every hearing the referee shall make a summary order allowing or denying said claim * * *.' Such has not yet been done in the instant matter. The only awards of the Commission which are final and therefore reviewable are those which either allow or deny a claim or in some manner fix the rights or responsibilities of the parties. In the instant case the 'Supplemental Award' sought to be reviewed simply declared it to be the belief of the Commission that it had jurisdiction to hear the matter and a declaration of its intent to do so, if necessary. Only when a final award is entered either allowing or denying the claim of Uhls is there a reviewable award within the meaning of the statute.

"To hold otherwise would permit a party at the very

threshold of the hearing to contest the jurisdiction of the Commission, and in the event of an adverse ruling to immediately apply to the courts for review and thereby unduly delay an actual hearing on the merits of the claim. Such procedure would defeat the very purpose of the Workmen's Compensation Act, which is, inter alia, to provide a method whereby claims arising out of industrial accidents may be speedily resolved.

"The Insurer by this decision is, of course, not precluded from raising the issue of jurisdiction before the Commission, as it has already done, and by thereafter participating in the hearing proper it does not waive its right to raise the issue on review by the courts."

The judgment is reversed and the matter remanded to the trial court with directions to remand the matter to the Industrial Commission for such further and additional proceedings as are deemed advisable and necessary, all without prejudice to the right of the plaintiffs in error to again raise any issue properly presented after a final award of the Commission.