No. 23725.

ROOSEVELT HAYWARD, CLEAN-AIR SANITARY SUPPLIES, INC., AND INDUSTRIAL COMMISSION OF COLORADO *v.* MAJESTIC WAX COMPANY AND STATE COMPENSATION INSURANCE FUND.

(460 P.2d 74)

Decided October 27, 1969.    Rehearing denied November 10, 1969.

204

LITVAK and LITVAK, ALAN E. KARSH, for plaintiff in error Roosevelt Hayward.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

ROBERT BUGDANOWITZ, for plaintiff in error Clean-Air Sanitary Supplies, Inc.

FRED B. DUDLEY, RICHARD G. FISHER, JR., ALIOUS ROCKETT, for defendants in error Majestic Wax Company and State Compensation Insurance Fund.

*In Department.*

Opinion by MR. JUSTICE DAY.

PLAINTIFFS in error, Roosevelt Hayward, Clean-Air Sanitary Supplies, Inc., and Industrial Commission of Colorado, are here on a writ of error to a district court judgment reversing an order of the Industrial Commis-

sion. Although not presented by the parties, our review of the record discloses that the order denominated "Final Order" by the Industrial Commission and ruled on by the district court was not a final award of the Commission such as could be subject to review by the district court or on writ of error to this court. We determine this on our own motion.

The history of this case is protracted to the degree that to reproduce it here in its entirety would unduly lengthen this opinion. However, to understand our resolution of the case it is necessary to summarize briefly the proceedings prior to the district court's assumption of jurisdiction.

Initially, Roosevelt Hayward filed a claim for compensation with the Industrial Commission alleging that he was injured in an accident which occurred in the course of his employment. He named Clean-Air as his employer. Clean-Air admitted liability, and hearings were held to determine the extent of claimant's injuries. Some payments were made by Clean-Air to the claimant for temporary total disability. Issues of further temporary total disability and permanent partial disability were still pending, when, after almost two years had elapsed following the initial claim, the claimant filed a supplemental claim for compensation regarding the same accident. This claim named as his employer at the time of the accident the Majestic Wax Co., which was insured by the State Compensation Fund, herein referred to as the Fund. Counsel for the Fund objected to being made parties respondent in the claim and filed a notice of contest with the Commission denying that Majestic Wax was an employer of Hayward at the time of the accident.

The referee found that the claimant was not an employee of Majestic Wax and dismissed the claim against it and the Fund. In a petition for review, the Commission issued a supplemental order in which it found that it had jurisdiction over Majestic Wax Co. and the Fund. It further found that the Fund had been prejudiced by not

having had the opportunity to be represented in prior hearings and therefore ordered a hearing *de novo* on all issues raised by the written denial made by the Fund.

After further petitions for review were filed by Clean-Air and by Majestic Wax and the Fund, the Commission entered what it denominated as a "Final Order" in which it determined that the employer-employee relationship existed between Clean-Air and the claimant as well as between Majestic Wax and the claimant.

■ Thus, the "Final Order" which was sought to be reviewed in the district court was a finding that Majestic Wax Co., which had not originally been named by the claimant, was also his employer and subject to the jurisdiction of the Commission under the Workmen's Compensation Act.

We hold that the district court did not have jurisdiction to review such an order.

■ The controlling section of the Workmen's Compensation Act is C.R.S. 1963, 81-14-4, which reads in pertinent part:

"* * * After the conclusion of every hearing the referee shall make a summary order allowing or denying said claim, * * * Said order shall be the final award of the commission, unless a petition for review is filed as provided in this chapter."

This provision was construed by this court in *Industrial Commission of Colorado v. Globe Indemnity Co.,* 145 Colo. 453, 358 P.2d 885. In that case we said:

"The Workmen's Compensation Act does not contemplate piecemeal judicial review of the many interlocutory orders of the Commission. C.R.S. '53. 81-14-4, provides that 'after the conclusion of every hearing the referee shall make a summary order allowing or denying said claim * * *.' Such has not yet been done in the instant matter. The only awards of the Commission which are final and therefore reviewable are those which either allow or deny a claim or in some manner fix the rights or responsibilities of the parties. In the instant case the

'Supplemental Award' sought to be reviewed simply declared it to be the belief of the Commission that it had jurisdiction to hear the matter and a declaration of its intent to do so, if necessary. Only when a final award is entered either allowing or denying the claim of Uhls is there a reviewable award within the meaning of the statute.

"To hold otherwise would permit a party at the very threshold of the hearing to contest the jurisdiction of the Commission, and in the event of an adverse ruling to immediately apply to the courts for review and thereby unduly delay an actual hearing on the merits of the claim. Such procedure would defeat the very purpose of the Workmen's Compensation Act, which is, inter alia, to provide a method whereby claims arising out of industrial accidents may be speedily resolved."

This case was followed in *Stanley Hotel v. Thomas,* 153 Colo. 503, 387 P.2d 27.

In the case at bar the order of the Commission merely stated that claimant was an employee of both Clean-Air and Majestic Wax. It did not purport to decide the liability of one or both, nor did it make an award of compensation or deny such to the claimant, said in *Industrial Commission v. Globe, supra,* to be the ultimate requirement.

The judgment of the district court is reversed with directions that the court remand the cause to the Commission for hearing and entry of a final award, without prejudice to either party to present on appeal the question of the Commission's jurisdiction and whether an employer-employee relationship exists between Majestic Wax and claimant.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.