513 P.2d 218 (1973)
The DRAVO CORPORATION and Hartford Accident and Indemnity Company, Petitioners,
v.
INDUSTRIAL COMMISSION et al., Respondents.
No. 73-059.
Colorado Court of Appeals, Div. I.
July 24, 1973.
Zarlengo, Mott & Zarlengo, Reed L. Winbourn, Denver, for petitioners.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for repondents Industrial Commission of State of Colo. and James M. Shaffer.
Laurence A. Ardell & Richard E. Gram, Laurence A. Ardell, Pueblo, for respondent John Martino.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
John Martino sought workmen's compensation benefits for an injury allegedly sustained in an industrial accident which occurred in the course of his employment with Dravo Corporation. After a hearing, the referee determined that Martino's injury (aggravation of a pre-existing heart condition) was not causally related to the accident, and denied compensation. On review, the Industrial Commission reversed the referee's decision. The Commission's order, as pertinent here, stated:
"The Commission believes and so finds that the claimant's present condition is causally related to his industrial accident of February 3, 1971, and that the Referee's Order dated August 11, 1972, should be reversed and that this case should be remanded for the taking of further testimony regarding the period of claimant's temporary total disability, and permanent partial disability, if any, causally related to said accident . . ."
The order then remanded the case for the purpose of "holding further hearings in accordance with the above findings." Following a review on petition of the employer, the Commission affirmed its order. The employer now seeks review of that order here. We find the order to be interlocutory and therefore unreviewable by this court.
Industrial Commission v. Globe Indemnity Co., 145 Colo. 453, 358 P.2d 885, states:
"The Workmen's Compensation Act does not contemplate piecemeal judicial review of the many interlocutory orders of the Commission. . . . The only awards of the Commission which are final and therefore reviewable are those which either allow or deny a claim or in some manner fix the rights or responsibilities of the parties."
The present order does not resolve all the issues involved. The benefits, if any, to *219 which Martino is entitled have not been determined. There is, therefore, no final award to review by this court. See Stanley Hotel v. Thomas, 153 Colo. 503, 387 P. 2d 27.
The petition for review is dismissed and the matter remanded to the Industrial Commission for further proceedings, all without prejudice to the right of the parties to again raise any issue properly presented after a final award of the Commission.
COYTE and PIERCE, JJ., concur.