577 P.2d 317 (1978)
Manuel MUNOZ, Petitioner,
v.
INDUSTRIAL COMMISSION of Colorado, Joy Manufacturing-Denver Equipment Division, and Liberty Mutual Insurance Company, Respondents.
No. 77-616.
Colorado Court of Appeals, Division I.
March 9, 1978.
Kenneth N. Kripke, Dennis W. Hartley, Denver, for petitioner.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., John Kezer, Louis L. Kelley, Asst. Attys. Gen., Denver, for respondent Industrial Commission of Colorado.
Zarlengo, Mott & Zarlengo, Reed L. Winbourn, Denver, for respondents Joy Mfg., Denver Equipment Div., and Liberty Mut. Ins. Co.
RULAND, Judge.
The petitioner, Manuel Munoz, (claimant) seeks review of an order of the Industrial Commission terminating temporary total disability payments from respondents Joy ManufacturingDenver Equipment Division, and Liberty Mutual Insurance Company for an injury suffered in the course of his employment. We dismiss the petition.
On May 2, 1974, the claimant suffered a severe laceration to his right leg and lower abdomen with resulting nerve and muscle damage. The respondents paid temporary total disability payments until November 13, 1975, when they ceased such payments on the basis of a written report from the claimant's doctor which indicated that, since the claimant had declined to undergo surgery, he had achieved maximum medical improvement. The report also contained a rating as to permanent disability. The claimant requested a hearing to determine whether the payments were properly terminated by the respondents.
Following a hearing on April 21, 1976, the Commission terminated temporary total disability payments effective November 13, 1975, based upon the treating physician's written report and its findings that Joy Manufacturing had attempted to re-employ the claimant in a less strenuous job than the one he had previously held, and, that the claimant was able to perform this particular job. At the conclusion of the hearing, the claimant agreed to accept the employment offered by Joy Manufacturing on a trial basis. Resolution of the issue of permanent disability was deferred at the claimant's request.
The respondents contend that this petition must be dismissed because the Commission's order is not final for purposes of review. We agree.
Section 8-53-108, C.R.S.1973, authorizes a review by this Court of any "finding, order or award" of the Commission. However, appeals may not be taken from interlocutory orders which do not either allow or deny a claim, Hayward v. Majestic Wax Co., 170 Colo. 203, 460 P.2d 74 (1969), as, for example, an order of the Commission determining that a case should be reopened, e. g., *318 Industrial Commission v. Globe Indemnity Co., 145 Colo. 453, 358 P.2d 885 (1961), or an order determining that an accident is causally related to the claimant's employment, e. g., Dravo Corp. v. Industrial Commission, 32 Colo.App. 418, 513 P.2d 218 (1973).
We conclude that where, as here, temporary total disability payments are terminated but the issue of permanent disability arising from the same injury must still be resolved, the petitioner's claim has not been fully adjudicated and thus, a petition for review as to cessation of temporary disability payments is premature.
Petition dismissed.
COYTE and STERNBERG, JJ., concur.