583 P.2d 946 (1978)
Gene KALMON and State Compensation Insurance Fund, Petitioners,
v.
INDUSTRIAL COMMISSION of Colorado and Richard P. Evans, Respondents.
Richard P. EVANS, Petitioner,
v.
INDUSTRIAL COMMISSION of Colorado, Gene Kalmon and State Compensation Insurance Fund, Respondents.
Nos. 77-684, 77-701.
Colorado Court of Appeals, Div. II.
August 10, 1978.
*947 William J. Baum, Francis L. Bury, Robert S. Ferguson, Denver, for petitioners Gene Kalmon and State Compensation Ins. Fund.
Criswell & Patterson, John A. Criswell, Englewood, for petitioner Richard P. Evans.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Louis L. Kelley, Asst. Atty. Gen., Denver, for respondent Industrial Commission.
STERNBERG, Judge.
The Industrial Commission found the claimant, Richard P. Evans, to be a constructive employee of Gene Kalmon, and awarded temporary total disability and medical benefits. Both Kalmon and Evans seek review. We affirm the order.
In March of 1975, Woods hired Kalmon, a contractor, to repair a building Woods owned in Aspen. Woods created a construction fund of $284,000 from which Kalmon's estimated costs of $173,000 were to be paid. By the terms of the contract, Kalmon was obligated to carry workmen's compensation insurance. The contract allowed Woods to order additional extra work, and some $20,000 worth of "extras" was ordered.
As a part of the job, Kalmon was to paint an exterior wall of Woods' building. A mural depicting a Don Quixote scene had previously been painted on that wall by Evans, the claimant, at the behest of one Jones, owner of a Mexican restaurant located adjacent to Woods' building. While Jones had commissioned Evans to paint the mural on Woods' building without the latter's permission, when Woods learned of its presence, he had not objected.
When the artist, Evans, observed that the mural had been damaged by the repair work being done on the building, he contacted Jones and suggested that it be repaired. While there is some conflict about the terms of employment, the record discloses that Evans told Jones that it would take 8 to 10 hours to repair the damage, that he would do the work for $5.00 per hour, and that he estimated the total cost to be between $40 and $50. Jones said he would not pay for the work but that he would contact Woods to see if the latter would authorize it. Woods told Jones to see Kalmon about it, but Jones refused to contact Kalmon alone. Therefore, both Jones and Woods went to Kalmon, estimated the cost of the touch-up work at $50, and payment of $50 from the construction fund was authorized. Thereafter, Evans began to repaint the mural, fell, and was injured severely.
The referee found that Evans was to be paid out of the construction fund established to pay Kalmon, and that, therefore, Evans was a constructive employee of Kalmon. He awarded temporary total disability at the rate of $33.33 per week from the date of injury and ordered payment of medical expense up to the statutory ceiling of $20,000. The referee also stated:
"[T]his case should remain open on the issues of termination of claimant's temporary disability and his entitlement to permanent disability benefits."
Kalmon and the State Compensation Insurance Fund attack the award asserting that, because Evans was a mere casual employee, there is insufficient evidence of a contract of employment and that therefore, claimant is not entitled to workmen's compensation benefits. On the other hand, Evans defends the finding awarding benefits, but contests the amount awarded. However, before considering these contentions of error, we must determine whether this court may review the matter at this stage of the proceedings.
*948 The question is whether this award was final so as to permit review, or whether the referee's order that the case remain "open" for later determination of possible entitlement to permanent disability benefits precludes review at this time. We conclude that the referee's order in this case was final for the purposes of our review.
Section 8-53-104, C.R.S. 1973, provides in pertinent part that:
"After the conclusion of every hearing the referee shall make a summary order allowing or denying said claim . . . Said order shall be entered as the final award of the director subject to review. . .." (emphasis supplied)
Under this statute, the only awards of the commission which are final and therefore reviewable are those which either allow or deny a claim. Hayward v. Majestic Wax Co., 170 Colo. 203, 460 P.2d 74 (1969); Industrial Commission v. Globe Indemnity Co., 145 Colo. 453, 358 P.2d 885 (1961). Here, the referee not only determined that Kalmon was liable for Evans' injuries, but also made a specific award of benefits for temporary total disability at the rate of $33.33 per week from the date of injury, and ordered that the respondents pay for claimant's necessary medical, surgical, and hospital expenses in an amount not to exceed $20,000.
These factual circumstances differ significantly from those in prior cases holding that orders left open in some respect were only interlocutory, not final, and therefore not reviewable. In Vanadium Corp. v. Sargent, 134 Colo. 555, 307 P.2d 454 (1957), the Fund had originally admitted liability, but the order under attack stated only that the claimant therein was still disabled and that the payment of benefits should continue. In both Globe Indemnity, supra, and Hayward, supra, the orders at issue merely determined that the respondents were subject to the jurisdiction of the commission. In Dravo v. Industrial Commission, 32 Colo. App. 418, 513 P.2d 218 (1973), the referee's determination that the claimant's condition was not causally related to the accident was overturned by the commission, and the case was remanded to the referee to take testimony and determine the period of disability, if any. This court held that the petition to review the commission's order was premature. In that case there was further action pending below which may well have alleviated the need for review. See also Martinez v. Industrial Commission, ___ Colo.App. ___, 580 P.2d 36 (1978).
In Munoz v. Industrial Commission, ___ Colo.App. ___, 577 P.2d 317 (1978), entitlement to benefits under the Act was not in issue. The claimant was receiving temporary total disability payments for an injury suffered in the course of his employment. When these payments were terminated by the commission following a hearing, the claimant sought review. We held that the petition for review was premature, and that it should wait until the question of permanent disability was decided. In explaining this decision, we stated that "appeals may not be taken from interlocutory orders which do not either allow or deny a claim," and cited Hayward, Globe Indemnity and Dravo. In the instant case, however, the question of liability of the employer is in issue, thus distinguishing this case from the situation in Munoz.
Consequently, we hold that when a determination of liability has been made, and an amount for temporary or permanent benefits has been established, the order is reviewable. But, under Munoz, if liability is not in issue, and the amount or duration of temporary benefits is the only matter questioned, and jurisdiction is retained to consider permanent disability, review must await the determination of the latter issue.
Our conclusion that the order in this case is reviewable is reinforced by the decisions in Stearns-Roger Manufacturing Co. v. Casteel, 128 Colo. 289, 261 P.2d 228 (1953); and Miller v. Industrial Commission, 28 Colo. App. 462, 474 P.2d 177 (1970). In both of those cases failure to seek review of an order denying or allowing benefits for temporary disability within the time prescribed was held to destroy the right to have the order reviewed.
*949 We now address the substantive issues. Asserting that the Workmen's Compensation Act does not cover those whose "employment is but casual and not in the usual course of the trade, business, profession, or occupation of the employer," § 8-41-106, C.R.S.1973, Kalmon and the Fund contend that it was error to find that Evans was Kalmon's "constructive employee." We disagree. Both conditions, casualness and course of business, must exist for this exclusion to apply. Heckman v. Warren, 124 Co.o. 497, 238 P.2d 854 (1951).
The statute covers situations in which the subcontracted work is part of the regular business operations which the statutory employer ordinarily would accomplish with his own employees. San Isabel Electric Ass'n v. Bramer, 182 Colo. 15, 510 P.2d 438 (1973); Pioneer Construction Co. v. Davis, 152 Colo. 121, 381 P.2d 22 (1963); see also Heckman v. Warren, supra. Kalmon, who as general contractor had been subcontracting with others to work on this job for him, is deemed an employer for purposes of the statute. See § 8-48-101, C.R.S.1973. He was originally hired by Woods, to, among other things, repaint the wall covered by the mural, and would have painted over it, had not Evans been hired to retouch the mural. Woods testified that he viewed Evans' work as "one of many extras" performed under the construction contract. These facts are sufficient to support a finding that claimant's employment, although casual, was in the regular course of Kalmon's business. Cf. 1 A. Larson, Workmen's Compensation Law § 51.23.
The proper characterization of the employer-employee relationship depends on the facts in each case and is for the commission to determine, Schultz v. Industrial Commission, 34 Colo.App. 122, 523 P.2d 164 (1974), and when, as here, the facts are in dispute, the finding of the commission should not be disturbed on review. See Brush Hay & Milling Co. v. Small, 154 Colo. 11, 388 P.2d 84 (1964).
Under the rules herein above enunciated, claimant Evans' petition for review, if standing alone, would not be considered at this time. His appeal does not attack the issue of liability, but rather contends that the commission erred in computing his average weekly wage at $50 per week rather than determining it to be $5.00 per hour. Under § 8-47-101(3)(c) and (d), C.R.S.1973, the latter computation would lead to a total wage of $200 per week. In the interest of judicial economy, because the record is before us and the issue has been briefed and argued, we dispose of this contention.
Testimony presented at the hearing supported the referee's finding that pursuant to the contract of hire in force at the time of the accident, see § 8-47-101(2), C.R.S. 1973, Kalmon had agreed to pay Evans the lump sum of $50 for his repair work. Under these circumstances, claimant was not being paid by the hour, even though he used a $5.00 per hour charge as the basis for computing the total amount of compensation to be paid. Thus, § 8-47-101(4), C.R.S. 1973, applies. It provides that when by reason of the nature of employment or the fact that the injured employee has not worked a sufficient length of time to enable his earnings to be computed under other methods, the commission has discretion to determine a fair alternate method of computation. This the commission did.
Order affirmed.
ENOCH and KELLY, JJ., concur.