Andrew CIBERE, Petitioner,

v.

INDUSTRIAL COMMISSION OF COLORADO, and Continental Moving and Storage, Employer, and Aid Insurance Company, Insurer, Respondents.

No. 79CA1150.

Colorado Court of Appeals, Div. II.

Dec. 4, 1980.

Rehearing Denied Jan. 8, 1981.

Certiorari Denied March 16, 1981.

Stevens & Moskovit, Attorneys, P. C., Roger E. Stevens, Harriet Templer Moskovit, Boulder, for petitioner.

Watson, Nathan & Bremer, P. C., Peter Watson, Denver, for respondent Aid Ins. Co.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Abby L. Pozefsky, Asst. Atty. Gen., Denver, for respondent Industrial Commission of the State of Colorado.

SMITH, Judge.

Claimant seeks review of the order of the Industrial Commission denying claimant's right to appeal an award for permanent partial disability on the grounds that the appeal was not perfected as required by § 8–53–106, C.R.S.1973. We set aside the order.

Claimant applied for workmen's compensation benefits for an industrial accident which occurred in October 1975. The employer and its insurer (respondents) admitted liability for the injury. On September 23, 1977, the referee entered an order finding the claimant permanently disabled as a result of the industrial accident at the rate of 3% as a working unit. The order did not contain any ruling on the issue of temporary-total disability benefits.

On September 27, 1977, counsel for respondents requested a ruling as to the proper date to discontinue temporary-total benefits. No hearing was held on this issue. Instead, following a series of letters and other communications between the referee and the parties, the referee issued three corrective supplemental orders—the first supplemental order setting a termination date, and the next two corrective supplemental orders modifying and correcting that date.

Before the first supplemental order was issued, claimant timely filed a petition for review regarding the permanent disability rating, but failed to file or order a transcript of hearings held before the Division of Labor as required by § 8–53–106, C.R.S. 1973. On March 21, 1978, the referee granted respondents' motion to dismiss claimant's petition for review on the grounds that no transcript had been filed. On April 18, 1978, the referee issued a third corrective supplemental order in which the correct termination date was set forth for the termination of temporary-total disability benefits. Counsel for claimant filed a second petition for administrative review on April 26, 1978, and timely filed a hearings transcript.

On April 16, 1979, the referee issued a final supplemental order which vacated and set aside his order of March 21, 1978, granting respondents' motion to dismiss. The referee concluded that equity could only be

served if the original order and the three subsequent corrective orders were considered as a single order with a final date of April 18, 1978, for purposes of appeal. Under this final order, claimant's second petition for review was considered timely filed.

On September 21, 1979, the Industrial Commission reversed the referee's decision and granted respondent's motion to dismiss claimant's second petition for review which motion again challenged claimant's right to petition for review on jurisdictional grounds. The Industrial Commission held that claimant was required to file a petition for review of the *original order* within fifteen days of that order, and to file a transcript of all hearings within thirty days, or to seek an extension of time for filing. Inasmuch as this was not done, the Industrial Commission held that the filing of transcripts was jurisdictional and that, therefore, the petition for review should fail as a matter of law.

On appeal, the fundamental question is when does an order issued by a referee become final for purposes of administrative review.

Review in this court may not be sought of interlocutory orders of the Industrial Commission or of those orders not resolving all of the issues advanced by a claimant. *Munoz v. Industrial Commission*, 40 Colo.App. 447, 577 P.2d 317 (1978).

Here, it is clear that the referee's original order did not dispose of all of the issues inasmuch as the question concerning the duration of temporary disability benefits was unresolved. Therefore, under *Munoz*, that order was not ripe for judicial review until the final corrective supplemental order dated April 18, 1978, which incorporated the correct termination date for the payment of temporary-total disability payments was entered. This is consistent with the philosophy of C.R.C.P. 54(b) which, in essence, restricts piecemeal appeals of judicial proceedings.

The order of the Commission is set aside and the cause is remanded for further pro-

ceedings consistent with the views expressed herein.

PIERCE and STERNBERG, JJ., concur.