Stanley **MELNICK**, Petitioner,

v.

The **INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Mike L. Baca, Richard J. Wise and Peter D. Nims, individually and as members of the Industrial Commission of the State of Colorado, and Jana Sue Bencivenga, claimant, Respondents.**

No. 82CA0022.

Colorado Court of Appeals, Div. II.

Oct. 14, 1982.

Rehearing Denied Nov. 12, 1982.

Feder, Morris & Tamblyn, P.C., Harold A. Feder, Stephen Schuyler, Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Robert Hyatt, Christa D. Taylor, Asst. Attys. Gen., Denver, for respondent Industrial Com'n.

Christiansen, Kavanaugh & Sanford, P.C., Kathleen T. Kavanaugh, Denver, for respondent Jana Sue Bancivenga.

STERNBERG, Judge.

Stanley Melnick seeks review of a determination by the Industrial Commission that Jana Sue Bencivenga, the claimant, was his employee at the time that she was injured and is entitled to worker's compensation benefits. We affirm.

The claimant performed duties as a nurse's aid for Stanley Melnick's wife from some time in March 1980 until the time of her injury on August 17, 1980. Her claim is based on an injury sustained on that date when she was moving Mrs. Melnick from her wheelchair to a couch. She continued to work until August 31, 1980, when moving Mrs. Melnick aggravated the injury, making it impossible for her to continue to work.

At a hearing on the claim, in an effort to show that claimant was an independent contractor and not his employee, Mr. Melnick offered testimony to show that the claimant was hired as a professional and controlled her hours and the manner in which her work was performed. He denied receiving notice of her injury and that there was in fact a compensable injury.

The hearing officer found, and the evidence supports, that the claimant was not a licensed professional nurse, that she was paid an hourly wage by Mr. Melnick, that there was no contract concerning the duration of her employment, that the family continually gave her instructions on how to care for Mrs. Melnick, and that she was hired by Mr. Melnick's daughters, acting as his agents, and took instructions from them as well as from Mr. Melnick. The hearing officer also found that the claimant reported her injury of August 17th to one of Mr. Melnick's daughters and advised him personally on September 2nd of the aggravation of her August 17th injury.

On the basis of these findings, the hearing officer concluded that the claimant was Mr. Melnick's employee at the time of the injury. The hearing officer also found that claimant was temporarily totally disabled by the injury. In addition, he concluded that Mr. Melnick was aware of the injury and was liable for a daily penalty authorized by § 8–44–107, C.R.S.1973 (1981 Cum. Supp.), for failure to file the notice of contest or admission within twenty-five days after becoming aware of the injury which is required by § 8–53–102, C.R.S.1973 (1981 Cum.Supp.).

On appeal, Mr. Melnick's principal arguments are that the hearing officer erred in finding that the claimant was covered by the Worker's Compensation Act, and that imposition of the penalty denied him due process of law because the statute is too vague to provide fair notice of his obligation under the law.

■■■ The proper characterization of the employer-employee relationship depends on the facts of each case and is for the commission to determine. *Kalmon v. Industrial Commission,* 41 Colo.App. 259, 583 P.2d 946 (1978). The evidence presented at the hearing supports the finding that the claimant was an employee within the meaning of the Act. Therefore, the findings are binding on review. *High v. Industrial Commission,* 638 P.2d 818 (Colo.App.1981).

■■■ Similarly, the record contains sufficient evidentiary foundation that the claimant was injured and that Mr. Melnick was informed of the injury. *City & County of Denver v. Industrial Commission,* 195 Colo. 431, 579 P.2d 80 (1978).

We also disagree with Mr. Melnick's contention that due process forbids imposition of the penalty provided by § 8–44–107, C.R. S.1973 (1981 Cum.Supp.). It is his position that he did not have fair notice of his obligation to carry insurance and file a notice of admission or contest because of the lack of adequate definitions and standards as to who is within the definition of "employee" under the Worker's Compensation Act.

■■■ When a statute is alleged to be unconstitutionally vague, a court must look to its purpose and context in evaluating the standards it sets down. *People v. Taylor,* 618 P.2d 1127 (Colo.1980). A statute is unconstitutionally vague when it either forbids or requires the doing of an act on

terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. *Williams v. City & County of Denver,* 622 P.2d 542 (Colo.1981).

This is not a situation where the statute provides no standards. "Employer" and "employee" are defined in §§ 8–41–105 and 8–41–106, C.R.S.1973 (1981 Cum.Supp.) with sufficient specificity to inform employers of their potential liability. Neither scientific exactitude nor optimal lucidity of expression is required in statutory drafting. *People v. Taggart,* 621 P.2d 1375 (Colo. 1981). A close scrutiny of the language here, in light of the purpose of the Act, its overall scheme, and authoritative judicial construction, demonstrates that Mr. Melnick had adequate notice of his obligations under the Act. *See Brush Hay & Milling Co. v. Small,* 154 Colo. 11, 388 P.2d 84 (1963).

Because we do not find the scope of these provisions of the Act unconstitutionally vague, there is no merit to the argument that the commission should not have imposed a penalty under § 8–44–107, C.R.S. 1973 (1981 Cum.Supp.). The language of that section, and § 8–53–102(2), C.R.S.1973 (1981 Cum.Supp.) is clear, and neither the hearing officer, the commission, nor this court is given discretion in its application. Under these circumstances, imposition of the penalty was mandated by the Act.

Order affirmed.

SMITH and VAN CISE, JJ., concur.