**FORT LOGAN MENTAL HEALTH CENTER and State Compensation Insurance Fund, Petitioners,**

v.

**INDUSTRIAL COMMISSION OF COLORADO and Sister Antonella Marie Gutterres, Respondents.**

**No. 82CA0412.**

Colorado Court of Appeals, Div. III.

Jan. 13, 1983.

Rehearing Denied Feb. 10, 1983.

Certiorari Granted June 20, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., William Levis, Asst. Atty. Gen., Denver, for respondents Industrial Com'n of Colorado.

Caskins & Chanzit, P.C., William J. Caskins, Jr., Denver, for respondent Sister Antonella Marie Gutterres.

William J. Baum, Kathleen W. Robinson, Russell A. Stanley, Denver, for petitioners.

VAN CISE, Judge.

Petitioners, Fort Logan Mental Health Center (employer) and State Compensation Insurance Fund (the Fund), seek review of an order of the Industrial Commission in which the Commission reversed the hearing officer's denial of disability compensation. We set aside the Commission's order.

After hearings in 1976 and 1979, the hearing officer issued an order dated January 16, 1981, in which he found that Sister Antonella Marie Gutterres (claimant), on October 31, 1975, sustained an accidental injury arising out of and in the course of her employment when she was kicked by a patient. The employer and the Fund were ordered to pay for the necessary medical, surgical, and hospital expenses actually incurred as a direct result of the accidental injury. This finding and order has not been challenged.

The referee then found that:

"[C]laimant has failed to meet the burden of proof upon her of demonstrating by a preponderance of competent evidence that she has temporary total disability in excess of three (3) days or any permanent disability as a direct result of her accidental injury of October 31, 1975."

Based on that finding, the referee denied the claim for compensation for temporary total and permanent disability.

On appeal by the claimant, the Commission, in its "Findings of Fact and Order" of October 15, 1981, and its "Order" of March 17, 1982, set aside the referee's findings, made its own detailed findings of fact, and determined that the claimant had established that her present disability was as a result of the injury in October 1975. It then ordered the matter remanded for further proceedings to establish the periods and amounts of temporary total and permanent partial disability.

I.

■ On petition to this court, the employer and the Fund first contend that the 1981 amendment to § 8–53–106(2)(b), C.R.S.1973 (1982 Cum.Supp.) is applicable to the review procedure here. We agree.

In *Nolan v. Industrial Commission,* 664 P.2d 253 (Colo.App.1982), this court held that "[a]s long as the amendment was in effect prior to the Commission's final order, it was bound by it in regard to all of its orders subsequently entered." The Commission's orders here were entered subsequent to the May 26, 1981, effective date of the amendment. Therefore, the amendment is applicable here.

II.

■ The employer and the Fund next contend that, based on the evidence presented, the referee was correct in denying claimant any benefits for disability.

The 1981 amendment to § 8–53–106(2)(b), C.R.S.1973 (1982 Cum.Supp.) precludes the Commission from setting aside on review the findings of evidentiary fact made by the referee "unless the findings of evidentiary fact are contrary to the weight of the evidence." The statutory phrase "contrary to the weight of the evidence," taken in context, means unless the findings are not supported by a preponderance of the evidence. *See Jachetta v. Milano,* 147 Colo. 100, 362 P.2d 1065 (1961); *Garver v. Garver,* 52 Colo. 227, 121 P. 165 (1912); § 13–25–127(1), C.R.S.1973. "The preponderance standard directs the fact finder to decide whether the existence of a contested fact is 'more probable than its nonexistence.'" *People v. Taylor,* 618 P.2d 1127 (Colo.1980); *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

Here, the evidence was conflicting on the question whether claimant had any disability as a result of her accidental injury. In this situation it is the responsibility of the trier of the facts and not of the reviewing tribunal to resolve the factual issue. The referee resolved the conflict by finding that claimant had not met her burden by a pre-

ponderance of the evidence. Based on that finding, the denial of benefits was proper.

As stated in *Eisnach v. Industrial Commission,* 633 P.2d 502 (Colo.App.1981):

"The burden was on the claimant to establish his right to compensation benefits, and whether he sustained his burden was a factual question for the [trier of the facts] to determine.... Here, the [trier of the facts] concluded that claimant had not sustained his burden of establishing a causal relationship between his permanent disability and the accidental injury. It is the [trier of the facts'] prerogative to determine the probative effect of conflicting testimony, to weigh the evidence, and to draw all reasonable inferences therefrom, and findings based on conflicting evidence are conclusive on review."

*See also Page v. Clark, supra.*

### III.

■ Claimant and the Commission contend that there is no final order in this matter because of the Commission's remand to the referee for further proceedings. However, based on its own fact findings, the Commission reversed the referee, allowed the claim, and directed that claimant be compensated for disability. We view the March 1982 order as appealable. *See Industrial Commission v. Globe Indemnity Co.,* 145 Colo. 453, 358 P.2d 885 (1961); *Kalmon v. Industrial Commission,* 41 Colo.App. 259, 583 P.2d 946 (1978). *See also Stearns-Roger Manufacturing Co. v. Casteel,* 128 Colo. 289, 261 P.2d 228 (1953); *Miller v. Industrial Commission,* 28 Colo.App. 462, 474 P.2d 177 (1970). *Cf. Martinez v. Industrial Commission,* 40 Colo.App. 485, 580 P.2d 36 (1978); *Dravo Corp. v. Industrial Commission,* 32 Colo.App. 418, 513 P.2d 218 (1973).

The order of the Commission is set aside and the cause is remanded for entry of a new order affirming the referee's order of January 1981.

KELLY and KIRSHBAUM, JJ., concur.