## INDUSTRIAL COMMISSION OF COLORADO and Sister Antonella Marie Gutterres, Petitioners,

v.

## FORT LOGAN MENTAL HEALTH CENTER and State Compensation Insurance Fund, Respondents.

### Nos. 83SC66, 83SC69.

Supreme Court of Colorado,
En Banc.

June 4, 1984.

Rehearing Denied June 25, 1984.

L. Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Can-

---

trick, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., Denver, for petitioner Indus. Com'n.

Caskins & Chanzit, William J. Caskins, Jr., Denver, for petitioner Sister Antonella Marie Gutterres.

William J. Baum, Denver, for respondents.

LOHR, Justice.

We granted certiorari to review the Colorado Court of Appeals' decision in *Fort Logan Mental Health Center v. Industrial Commission*, 665 P.2d 139 (Colo.App. 1983). A hearing officer denied workers' compensation benefits to the claimant, Sister Antonella Marie Gutterres. The Industrial Commission reversed that order and remanded the matter to the hearing officer to determine the periods and amounts of the claimant's temporary total disability and permanent partial disability. The court of appeals in turn set aside the Industrial Commission's order and directed that the hearing officer's order denying benefits be affirmed. We accepted certiorari ·on applications of the claimant and the Industrial Commission to consider the standard for review applied by the Industrial Commission on appeal from the hearing officer's order, and to determine whether the commission order was appealable. We conclude that the Industrial Commission order remanding the matter for further disability determinations is interlocutory and thus not reviewable. Therefore, we vacate the judgment of the court of appeals and remand this matter for further proceedings.

Claimant Gutterres was employed by the Fort Logan Mental Health Center as a leader of its geriatrics hospital team. On October 31, 1975, a patient being restrained by other staff members kicked the claimant in the thigh. The blow caused pain, and thereafter Gutterres experienced weakness in the affected leg. Within several days the claimant was unable to walk and her attendance at work was adversely affected. Her condition deteriorated further until, after November 14th, she was unable to work at all and on December 16th she was hospitalized until April 2nd. At the time of the workers' compensation hearing the claimant was confined to a wheelchair.

The evidence was in conflict as to the cause of the claimant's condition. She presented testimony that she had been diagnosed in 1964 as suffering from myasthenia gravis, the principal symptoms of which, in her case, included disproportionate fatigue and overall muscular weakness.[1] Gutterres' doctor testified that these symptoms can be aggravated by emotional or physical trauma. Gutterres was experiencing stress at the time of the injury because of the prospect of implementation of a new and more physically demanding job assignment.[2] Her doctor expressed the opinion that the kick had exacerbated the claimant's emotional problems as well as her myasthenia gravis, a combination causing her disability. A psychiatrist testifying on the claimant's behalf was supportive of that diagnosis.[3]

An expert neurologist for Fort Logan Mental Health Center (employer) and the State Compensation Insurance Fund (insurer), however, stated that when he first examined the claimant, in 1977, and when he saw her again, in 1979, he found nothing to substantiate a diagnosis of myasthenia gravis. The doctor testified that from a neurological standpoint the claimant's present problems cannot be attributed to the kick.

A hearing officer found that, although the claimant had sustained an accidental injury in connection with her employment, she had "failed to meet the burden of proof

---

1. The record reflects that Gutterres disclosed on her employment application that she had myasthenia gravis "which is now well stabilized by medication," but that before stabilization she had to be hospitalized for the condition "at different times."

2. Gutterres was engaged in formal administrative proceedings protesting the new work assignment at the time of her injury.

3. The psychiatrist accepted Gutterres' doctor's diagnosis of myasthenia gravis, but disavowed the competence to evaluate that diagnosis independently.

upon her of demonstrating by a preponderance of competent evidence that she has temporary total disability in excess of three (3) days or any permanent disability as a direct result of her accidental injury of October 31, 1975."

On review, the Industrial Commission reversed the hearing officer's order and found that the claimant's normally dormant disease was aggravated by the emotional trauma of her new job assignment and by the physical injury of the kick to her leg. The commission concluded that "the physical trauma of the work related injury and the emotional trauma of claimant's on-the-job problems, combined to cause the aggravation of Myasthenia Gravis to render the claimant disabled." The commission remanded the case to the hearing officer for determination of the periods and amounts of temporary total disability and permanent partial disability. The employer and the insurer then petitioned the commission for review, challenging the authority of the commission to make the evidentiary findings contained in its order and asserting that the evidence was insufficient to support those findings. The commission rejected the challenge to its authority, held that its earlier order was interlocutory and thus not reviewable, and remanded the case for further proceedings. The employer and insurer appealed.[4]

On appeal, the Colorado Court of Appeals held that the commission's order was appealable and that, under the applicable statute prescribing standards for review, the commission had erred in reversing the hearing officer's order. The court set aside the commission's order and remanded for affirmance of the hearing officer's order. This certiorari review proceeding followed.

**4.** The Industrial Commission's two orders must be read in combination and, taken together, are referred to in the singular as the commission's order.

**5.** In addition to the appealability question resolved by this opinion, we granted certiorari to determine whether the Industrial Commission

The Industrial Commission contends that its order reversing the hearing officer's denial of benefits was interlocutory in nature and, thus, not subject to appeal.[5] We agree.

At the time the commission's order was issued, the applicable statute provided that "any finding, order, or award of the referee or director or any order or award of the commission" could be reviewed by the court of appeals. Ch. 86, sec. 4, § 8–53–108, 1981 Colo.Sess.Laws 476, 477. It is well established, however, that interlocutory orders of the commission are not appealable. *Hayward v. Majestic Wax Co.*, 170 Colo. 203, 460 P.2d 74 (1969); *Industrial Commission v. Globe Indemnity Co.*, 145 Colo. 453, 358 P.2d 885 (1961). In general, reviewable awards "are those which either allow or deny a claim or in some manner fix the rights or responsibilities of the parties." *Globe Indemnity Co.* 145 Colo. at 456, 358 P.2d at 886.

In *Dravo Corp. v. Industrial Commission*, 32 Colo.App. 418, 513 P.2d 218 (1973), the court of appeals considered an issue closely related to that presented here and held that an Industrial Commission order that did not resolve the periods of temporary total disability and permanent partial disability was unreviewable as interlocutory. Similarly, in *Cibere v. Industrial Commission*, 624 P.2d 920 (Colo.App.1980), an order was held unreviewable because it did not incorporate the termination date for the payment of temporary total disability benefits. It was "clear that the referee's original order did not dispose of all of the issues inasmuch as the question concerning the duration of temporary disability benefits was unresolved." *Cibere*, 624 P.2d at 922. *See also Munoz v. Industrial Commission*, 40 Colo.App. 447, 577 P.2d 317 (1978) (Order terminating temporary total disability payments but leaving unresolved

applied the correct review standard under ch. 86, sec. 2, § 8–53–106(2), 1981 Colo.Sess.Laws 476–77. We do not reach that issue because of our conclusion that the commission's order is interlocutory, but note that we recently discussed such review standards in *Baca v. Helm*, No. 83SC242 (Colo. May 28, 1984).

the issue of permanent disability is not reviewable.). *Cf. Kalmon v. Industrial Commission*, 41 Colo.App. 259, 583 P.2d 946 (1978) (Order is reviewable if liability is established and an amount for temporary or permanent benefits is determined.). The requirement that an order must resolve all issues before the hearing officer as a condition to appealability "is consistent with the philosophy of C.R.C.P. 54(b) which, in essence, restricts piecemeal appeals of judicial proceedings." *Cibere*, 624 P.2d at 922.[6] *See, e.g., Harding Glass Co. v. Jones*, 640 P.2d 1123, 1127 (1982).

In this case, the hearing officer found that the claimant was injured in the course of her employment; however, no permanent or temporary total disability in excess of three days was found. The commission's order leaving undisturbed the finding as to liability and reversing the finding as to disability left unresolved the issues of the extent of such disability and the consequent amounts and durations of benefit payments. This order was interlocutory and, as such, unreviewable until such time as further proceedings finally determined the unresolved issues. "The Workmen's Compensation Act does not contemplate piecemeal judicial review of the many interlocutory orders of the Commission." *Globe Indemnity Co.*, 145 Colo. at 455, 358 P.2d at 886.[7]

Accordingly, we reverse the judgment of the Colorado Court of Appeals and remand this case for further proceedings consistent with this opinion.

KIRSHBAUM, J., does not participate.

6. We are unpersuaded that other authority relied on by the court of appeals supports its conclusion that the commission's order in the present case is appealable. In *Stearns-Roger Manufacturing Co. v. Casteel*, 128 Colo. 289, 261 P.2d 228 (1953), the claimant appealed from a commission order reducing the amount awarded by the referee. The employer and insurer did not cross appeal the liability determination and, when the commission excised the reduction and the employer and insurer then wished to challenge the liability determination, we held that their failure to appeal from the initial order within the time allowed foreclosed further review. To the extent that *Miller v. Industrial Commission*, 28 Colo.App. 462, 474 P.2d 177 (1970), may be read to permit appellate review of an interlocutory order, we disapprove it.

7. In 1983 a statute with respect to finality of orders in workers' compensation proceedings was enacted. Ch. 79, sec. 1, § 8–53–114, 1983 Colo.Sess.Laws 416, 421. Because it was adopted after the events controlling appealability in the present case, it has no applicability here. We do not address the effect of this new legislation on the appealability of orders to which it applies.