**In the Matter of the Claim of Michael RAISCH, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Colorado, and United Airlines, and Division of Labor, Respondents.**

No. 83CA1128.

Colorado Court of Appeals, Div. II.

July 26, 1984.

Rehearing Denied Sept. 6, 1984.

Richard T. Goold, Denver, for petitioner.

Zarlengo, Mott & Zarlengo, Tama L. Levine, Denver, for respondent United Airlines.

Duane Woodard, Atty. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Industrial Com'n of Colo. and Div. of Labor.

KELLY, Judge.

Michael Raisch, petitioner in this workmen's compensation case, seeks review of an order of the Industrial Commission finding that, under § 8–53–114(2), C.R.S. (1983 Cum.Supp.), the order of the referee was final. We affirm.

Petitioner suffered a compensable industrial injury on October 29, 1979, and was

placed on temporary total disability benefits. Subsequently, he challenged employer's admission of liability for 1% permanent disability. A hearing was held, and the referee entered an order dated May 12, 1982, disapproving employer's admission and requiring it to pay additional temporary total disability benefits.

Employer filed a timely petition for review on May 18, 1982. Petitioner filed a motion to strike, which the referee granted in an order dated February 23, 1983, on the grounds that the order of May 12, 1982, is interlocutory and not subject to review. Employer filed a petition to review that order of the referee. On September 23, 1983, the Industrial Commission vacated the February 23, 1983, order, and petitioner seeks review.

In the order of May 12, 1982, the referee left the issues of termination of temporary disability, vocational rehabilitation, and permanent disability for later determination. Under prior law, this order is interlocutory and not reviewable. *See Munoz v. Industrial Commission,* 40 Colo.App. 447, 577 P.2d 317 (1978); *Kalmon v. Industrial Commission,* 41 Colo.App. 259, 583 P.2d 946 (1978). It is not disputed that under § 8–53–114(2), such an order is now appealable.

 Relying on *Nolan v. Industrial Commission,* 664 P.2d 253 (Colo.App.1982) (*cert. denied* May 23, 1983) and *Krumback v. Dow Chemical Co.,* 676 P.2d 1215 (Colo. App.1983), the Industrial Commission ruled that § 8–53–114(2), C.R.S. (1983 Cum. Supp.) renders the order final and appealable, thus giving the statute retroactive application. We agree.

In *Nolan* and *Krumback, supra,* we ruled that there is no prohibition against the retroactive application of changes in procedural law. In a workmen's compensation case, the determination of what constitutes a final judgment is a procedural matter. We disagree with the reasoning in *Gonzales v. Industrial Commission,* 689 P.2d 675 (Colo.App.1984), and, we therefore decline to follow it.

We do not regard footnote 7 in *Industrial Commission v. Fort Logan Mental Health Center,* 682 P.2d 1185 (Colo.1984), as being dispositive of the issue presented here. In *Fort Logan,* the Commission's final order which was appealed was dated several months prior to the effective date of the statute. Here, the Commission's September 23 order postdated the statute's effective date, and the Commission properly gave that statute retroactive application.

The order of the Industrial Commission is affirmed.

SMITH and BERMAN, JJ., concur.