**David NELSON,**
**Petitioner-Cross-Respondent,**

v.

**KING SOOPERS, INC.,**
**Respondent-Cross-Petitioner,**

**and**

**The Industrial Commission of the State**
**of Colorado, Respondent.**

**No. 84CA0489.**

Colorado Court of Appeals,
Div. III.

June 20, 1985.

Gordon F. Jorgensen, P.C., Gordon F. Jorgensen, Denver, for petitioner-cross-respondent.

Glasman, Jaynes & Carpenter, Ronald C. Jaynes, Denver, for respondent-cross-petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondent.

VAN CISE, Judge.

Claimant, David Nelson, seeks review of an order of the Industrial Commission determining that he was no longer entitled to temporary disability benefits and finding that he was not a candidate for vocational rehabilitation. Employer, King Soopers, Inc., by cross-petition, seeks review of the order reopening Nelson's claim and awarding temporary total benefits. We affirm.

On May 13, 1980, Nelson's left arm was lacerated in an industrial accident. King Soopers admitted liability and Nelson was paid temporary total disability payments. Subsequently, King Soopers admitted liability for permanent partial disability measured at 5% of the upper extremity.

When Nelson was released by his physician to return to work, King Soopers employed him as a head clerk. On August 12, 1981, Nelson was again injured when he tripped over an empty shopping cart while chasing a shoplifter. Although he did not reinjure his left arm, he did injure his front teeth and sustained bruises. King Soopers again admitted liability for temporary total disability benefits.

Before Nelson could return to work following his second accident, he experienced symptoms of extreme anxiety and suffered an acute psychotic reaction requiring inpatient treatment. He then voluntarily resigned his position with King Soopers because of these mental problems and his inability to handle stress.

On November 12, 1981, Nelson requested that his 1980 compensation claim be reopened. The two cases were joined for hearing purposes. The first claim was reopened on the basis that a mutual mistake of fact existed because both parties had believed that the results of the 1980 injury were limited to the claimant's upper extremity when, in fact, the subsequent emotional problems were also caused by this injury. By order dated December 12, 1982, the hearing officer awarded Nelson addi-

tional temporary total disability benefits from September 28, 1981, until February 19, 1982, ordered a vocational rehabilitation evaluation, and left open issues concerning further benefits and Nelson's entitlement to vocational rehabilitation.

In July 1982, Nelson became employed as a maintenance supervisor. He testified that he liked this position and could handle it physically and mentally. Although it was a temporary job, Nelson testified that there was a good chance he could remain with the company doing similar work. In addition, Nelson had a second job doing maintenance work on a military base. Nelson testified that he had told the vocational rehabilitation counselor that he had a job and "was doing good" and that when that job ended he would like to train for something else.

On August 2, 1983, the hearing officer entered an order concluding that Nelson was not entitled to either vocational rehabilitation or additional temporary disability benefits. This conclusion was based on findings that Nelson would have been able to return to his normal duties for King Soopers and that the evidence, including medical reports, did not show a disability which would prohibit his return to suitable gainful employment. The hearing officer further indicated that the case was ripe for determination of permanent disability.

### I.

Nelson first contends that King Sooper's cross-petition should be dismissed because it failed to file a petition for review of the August 2, 1983, order. We agree.

■ Section 8–53–114, C.R.S. (1984 Cum. Supp.) provides that a petition for review may be filed on any order which requires any party to pay benefits or denies a claimant any benefits and that "any order, corrected order, or supplemental order is final unless a petition to review or appeal has been filed in accordance with this article." *See In re Claim of Raisch v. Industrial Commission,* 690 P.2d 1290 (Colo.App. 1984). The requirement of filing a petition for review is jurisdictional. Unless a peti-

tion is filed, there can be no subsequent judicial review of the order. *Sanchez v. Straight Creek Constructors,* 41 Colo.App. 19, 580 P.2d 827 (1978).

■ The findings, which King Soopers now claims were erroneous, were made by the hearing officer in his December 12, 1982, order. At the time that order was entered, it was interlocutory and not subject to review because it did not resolve all issues before the hearing officer. *See Industrial Commission v. Fort Logan Mental Health Center,* 682 P.2d 1185 (Colo. 1984). However, following the entry of the December 12, 1982, order, § 8–53–114, C.R.S. (1984 Cum.Supp.), was enacted and was applicable to the August 2, 1983, order. The August 2, 1983, order explicitly affirmed the December 12, 1982, order and made that order part of the August 2, 1983, order. Review of the December 12, 1982, order therefore became dependent upon the timely filing of a petition for review following entry of the August 2, 1983, order. Hence, because of King Sooper's failure to file a petition for review of this order, it may not now seek review or appeal of either order.

### II.

Nelson next contends the hearing officer erred in determining that he was not eligible for vocational rehabilitation benefits in the August 2, 1983, order. We disagree.

At the time of the December 12, 1982, hearing, the issue of vocational rehabilitation was not fully developed. Evidence had been presented indicating that Nelson suffered from a severe permanent industrial psychiatric disability, but there was also evidence that he was competent to perform certain jobs. Although the hearing officer found that a vocational rehabilitation evaluation would be helpful to resolve this issue, the order specifically left Nelson's eligibility for vocational rehabilitation open for future consideration.

■ In the August 2, 1983, order, the hearing officer concluded that Nelson was

not eligible for vocational rehabilitation benefits. The evidence in the record amply supports this finding. Not only had Nelson's psychological problems been overcome, Nelson was at that time engaged in suitable gainful employment. And, contrary to Nelson's contention, this determination was not precluded by the initial December 12, 1982, order. *Morrison v. Clayton Coal Co.*, 116 Colo. 501, 181 P.2d 1011 (1947); *Dziewior v. Michigan General Corp.*, 672 P.2d 1026 (Colo.App.1983).

### III.

■ Nelson finally contends that the hearing officer erred in concluding in the August 2, 1983, order that Nelson was not entitled to additional temporary disability benefits after February 19, 1982. We disagree.

On December 12, 1982, the hearing officer ordered that temporary total disability benefits be paid Nelson from September 28, 1981, through February 19, 1982. This compensation was for his emotional or psychiatric disability caused by his physical injuries. The evidence supports the hearing officer's conclusion that, after this period of time, Nelson's earning capacity was no longer impaired because he could have returned to his normal duties for King Soopers. Whether Nelson is entitled to compensation for permanent disability pursuant to § 8–51–107, C.R.S. (1984 Cum. Supp.) is an issue which has not yet been determined by the Commission.

Order affirmed.

TURSI and BABCOCK, JJ., concur.