**Mary A. NOLAN, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF COLORADO, Charles McGrath, Director, Division of Labor, Safeway Stores, Self-Insured and Travelers Insurance Company, Respondents.**

No. 82CA0624.

Colorado Court of Appeals,
Div. II.

Dec. 30, 1982.

Rehearing Denied Jan. 27, 1983.

Certiorari Denied May 23, 1983.

Douglas R. Phillips, P.C., Douglas R. Phillips, Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Indus. Com'n of Colorado, Charles McGrath, Director, Div. of Labor.

Watson, Nathan & Bremer, P.C., Anne Smith Myers, Denver, for respondent Safeway Stores.

The Law Firm of Thomas J. de Marino, Mark E. Macy, Thomas J. de Marino, Denver, for respondent Travelers Ins. Co.

PIERCE, Judge.

Mary A. Nolan seeks review of an order of the Industrial Commission in which it ruled that evidence submitted by her was insufficient to warrant the reopening of her

claim. In arriving at this decision, the Commission reversed some of the findings made by the referee and entered its own findings based on the record. We set aside the order and remand.

The principal issue presented is whether the 1981 statutory amendment to § 8–53–106(2)(b), C.R.S.1973 (1982 Cum.Supp.), which forbids the Commission from reversing evidentiary findings of a referee unless the findings are contrary to the weight of the evidence, applies here. We rule that it does.

The ruling by the referee was rendered on December 8, 1980. The amendment in question became effective on May 26, 1981.

The Commission argues the appeal process began when respondent's motion for extension of time to file a petition for review with the Commission was filed on December 19, 1980, more than five months prior to the effective date of the amendment. According to the Commission, therefore, the amendment, which does not include language indicating any legislative intent for retroactive application, does not apply.

The review procedures commenced on December 19, 1980, were peculiar to the Industrial Commission. Section 8–53–106, C.R.S. 1973. No final review was completed by the Commission until 1982, and it was not until May 18, 1982, that a final order, ripe for this court's review was entered by the Commission. Section 8–53–108, C.R.S.1973 (1982 Cum.Supp.). The Commission erred in ruling that the amendment to the statute was inapplicable during its review and entry of the final order herein. Since the amendment was in effect prior to the Commission's final order, it was bound by it in regard to all of its orders subsequently entered.

Because the findings of the referee are vague, on remand to the Industrial Commission, a redetermination of the factual issues should be referred to a referee for hearing and the findings then reviewed by the Industrial Commission in accordance with our ruling as to the applicability of the statutory amendment.

The order is set aside and the cause is remanded for further proceedings.

SMITH and TURSI, JJ., concur.