Jake GONZALES, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Director, Department of Labor and Employment, Division of Labor, State of Colorado and Barnett Construction Company and Royal Insurance Company, Respondents.

No. 83CA1041.

Colorado Court of Appeals, Div. III.

April 19, 1984.

Rehearing Denied May 17, 1984.

Certiorari Granted Oct. 15, 1984.

Vernon Playton, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert Lehnert, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Director, Department of Labor and Employment, Div. of Labor.

Weller, Friedrich, Hickisch, Hazlitt & Ward, J. Mark Smith, Edward J. Godin,

Denver, for respondents Barnett Const. Co. and Royal Ins. Co.

STERNBERG, Judge.

In this workmen's compensation case, the claimant, Jake Gonzales, seeks review of an order of the Industrial Commission. A referee had entered an order in 1982 which it characterized as interlocutory in nature. The Industrial Commission held that an amendment to the Workmen's Compensation Act effective in 1983 was to be applied retroactively. The effect of that amendment on the referee's order was to make it final and, thus, subject to being reviewed upon petition. We disagree with the conclusion of the Commission and therefore set aside its order.

Gonzales suffered a compensable back injury on December 15, 1979. His employer and its insurer, the respondents, filed a general admission of liability in October 1980 and commenced payments of temporary total disability benefits as of May 1980.

Based on a January 5, 1981, report of claimant's treating physician that claimant was still disabled and unable to return to work but also giving him a two percent permanent partial disability rating, respondents filed a special admission of liability terminating temporary total disability benefits and admitting a permanent partial disability rating of two percent as a working unit. Claimant contested the special admission.

Following hearings, the referee entered an order on April 12, 1982, (the April 1982 order) finding that respondents had improperly terminated payment of temporary total disability benefits, ordering reinstatement of payment of those benefits, and holding that the issues of permanent disability and vocational rehabilitation were to remain open for determination at a future date. Respondents then filed a timely petition to review. Thereafter, the referee entered an order finding that the April 1982 order was interlocutory and not presently subject to review. Respondents filed with the Industrial Commission a timely petition to review this ruling of the referee.

On September 14, 1983, the Commission entered an order finding that while the April 1982 order was probably interlocutory based on the law prior to the 1983 amendments, that order would constitute a final order under § 8–53–114(2), C.R.S. (1983 Cum.Supp.). That section provides, in pertinent part, that "[a] petition to review may be filed on any order which requires any party to pay a penalty or benefits or denies a claimant any benefits."

Relying on *Krumback v. Dow Chemical Co.*, 676 P.2d 1215 (Colo.App.1983) and *Nolan v. Industrial Commission*, 664 P.2d 253 (Colo.App.1982), the Commission held that § 8–53–114(2) was applicable and rendered the April 1982 order subject to review. Accordingly, the Commission remanded to the Division to allow the parties to brief the substantive issues raised by respondents' petition to review the April 1982 order. The matter was then to be recertified to the Commission for determination. *See* § 8–53–111(6), C.R.S. (1983 Cum.Supp.). Claimant now seeks review of the Commission's September 14, 1983, order.

I.

■ Initially, we hold that, under the state of the law prior to the enactment of the recent amendments, the April 1982 order requiring reinstatement of improperly terminated temporary total disability benefits was interlocutory and not then subject to review by the Commission. In *Kalmon v. Industrial Commission*, 41 Colo.App. 259, 583 P.2d 946 (1978), we stated:

"[I]f liability is not in issue, and the amount or duration of temporary benefits is the only matter questioned, and jurisdiction is retained to consider permanent disability, review must await the determination of the latter issue."

The instant case squarely falls within the quoted language. *See also Munoz v. Industrial Commission,* 40 Colo.App. 447, 577 P.2d 317 (1978). Although *Kalmon* and *Munoz* could be read as only prohibiting review by this court of interlocutory orders of the Commission, this court has held that a referee's order which is interlocutory in nature is not ripe for further administrative review. *See Cibere v. Industrial Commission,* 624 P.2d 920 (Colo.App. 1980); *Martinez v. Industrial Commission,* 40 Colo.App. 485, 580 P.2d 36 (1978).

In holding that the April 1982 order was interlocutory, we reject respondents' assertion that "even if the recent amendment did not apply, the Commission properly considered it as determinative of legislative intent for interpreting the predecessor to [§ 8–53–114(2)]." The basis for the Commission's decision was that § 8–53–114(2) was retroactively applicable. If that conclusion was erroneous, then, as noted above, under the construction given to the Workmen's Compensation Act by our courts prior to the recent amendments, the referee's order was interlocutory and not subject to immediate review.

Respondents also contend that the principles governing reviewability of orders requiring payment of benefits should differ from orders denying benefits. They argue that a claimant denied temporary benefits may later be made whole if the order of denial is reversed. Respondents assert that the lack of immediate review of an order requiring payments deprives them of any meaningful review of that order at a later time because of the statutory prohibition against recoupment of funds paid.

On this issue, we find the rationale of *Jones v. State Accident Insurance Fund Corp.,* 49 Or.App. 543, 619 P.2d 1342 (1980), instructive. In that case, the facts were similar to those involved here. Noting the possibility that the Insurance Fund would not be able to recover payments made during the remand, the Oregon court stated:

"The legislature has placed the burden for erroneously ordered compensation payments pending review or appeal on the employer through its insurer.... This fact does not, however, turn a non-appealable order into an appealable one."

This reasoning applies here. Claimants, employers, and insurers are burdened by the lack of immediate review of interlocutory orders. However, this burden does not make an otherwise interlocutory order such as the one at issue here subject to immediate review.

## II.

In reliance on *Krumback v. Dow Chemical Co., supra,* the Commission stated in its order, "that a Commission order which is issued on or after the effective date of new legislation relating to procedure is governed by that legislation." Accordingly, the Commission concluded that its resolution of the case was governed by § 8–53–114(2), and that, because payment of benefits was called for in the April 1982 order, the Commission had to consider it to be a final order from which a petition to review could be filed. Because respondents had filed a timely petition to review the April 1982 order, the Commission ruled that the merits of the petition had to be reviewed. We hold that the Commission's conclusion was erroneous.

Changes in procedural law are "generally to be regarded as immediately applicable to existing causes of action and not merely to those which may accrue in the future unless a contrary intent is expressed in the statute." *Suley v. Board of Education,* 633 P.2d 482 (Colo.App.1981). This principle was expressly relied upon in *Krumback v. Dow Chemical Co., supra,* and implicitly relied upon in *Nolan v. Industrial Commission, supra.* However, the procedural settings for application of this principle in *Krumback* and *Nolan* were different from the procedural setting of the instant case.

In *Krumback,* claimant's husband died of an occupational disease in 1974. At the time of his death, the burden of proof

applicable to occupational disease claims was proof by competent medical evidence. *See* § 8–60–110(1)(a), C.R.S. When the Occupational Disease Act was repealed in 1975, reasonable probability became the burden of proof. *See* § 8–52–102, C.R.S. (1983 Cum.Supp.); *Industrial Commission v. Havens,* 136 Colo. 111, 314 P.2d 698 (1957). The court held that although the cause of action had accrued prior to the change in the burden of proof, the new standard was immediately applicable to existing causes of action and, since hearings before the referee were not held until 1980, reasonable probability was the applicable standard.

In *Nolan v. Industrial Commission, supra,* the Commission reversed some of the referee's findings and made its own findings based on the record. We set aside the Commission's order because the Commission had failed to follow Colo.Sess.Laws 1981, ch. 86, § 8–53–106(2)(b) at 476, which limited the Commission's authority to reverse evidentiary findings of fact made by the referee. *See* § 8–53–111(7), C.R.S. (1983 Cum.Supp.). In *Nolan,* the referee's order was entered, and a petition to review was filed in December 1980. Section 8–53–106(2)(b) became effective in May 1981. The Commission's order was not issued until 1982. We held that: "[S]ince the amendment was in effect prior to the Commission's final order, it was bound by it in regard to all of its orders subsequently entered."

What distinguishes *Krumback* and *Nolan* from the instant case is that in those cases the proceedings to which the statutory changes applied—in *Krumback* the referee's hearing at which the burden of proof would be applicable and in *Nolan* the Commission's issuance of an order reviewing the referee's order—occurred after the effective date of those statutory changes. Here, however, the applicable proceeding was the filing of a petition to review the referee's order. The statutory period for filing a petition to review, *i.e.,* 15 days

from the April 12, 1982 order, expired long before the effective date of § 8–53–114, C.R.S. (1983 Cum.Supp.). Moreover, even with the extensions of time granted to respondents, their petition to review the April 1982 order was filed before the effective date of the amendments.

By filing a petition to review from an otherwise interlocutory order, respondents placed themselves in a position to benefit from a retroactive application of § 8–53–114. However, the effect of the Commission's decision concerning retroactivity would be to make otherwise interlocutory referee's orders in other cases from which no petitions to review were filed final and not subject to review. *See* § 8–53–114. The General Assembly cannot have intended retroactive application of § 8–53–114 so as to render prior interlocutory orders final, thereby depriving parties, who properly did not file petitions to review from interlocutory orders, of a right to review. Accordingly, despite the fact that respondents did file a petition to review the April 1982 order and could benefit from retroactive application of § 8–53–114(2), we hold that the Commission erred in applying § 8–53–114(2) retroactively.

The Commission's order is set aside and the cause is remanded to the Commission with directions to remand to the referee for resolution of the issues of permanent disability and vocational rehabilitation left open by the April 1982 order.

VAN CISE and METZGER, JJ., concur.