Donald F. **KINNINGER**, Petitioner,

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of COLORADO**; Robert Husson, Director, Department of Labor and Employment, Division of Labor, State of Colorado; and State Compensation Insurance Authority, Respondents.

No. 87CA0466.

Colorado Court of Appeals,
Div. I.

Feb. 18, 1988.

Withers, Seidman & Rice, P.C., Charles E. Withers, Grand Junction, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Gregory K. Chambers, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office and Robert Husson.

Paul Tochtrop, Denver, for respondent State Compensation Ins. Authority.

HUME, Judge.

Donald F. Kinninger (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which denied his claim for compensation for a heart attack. We affirm.

■ Claimant asserts that the Administrative Law Judge (ALJ) erred in concluding that the events preceding his heart attack did not constitute unusual exertion. Claimant also contends the ALJ erred in exclusively relying on Dr. Mutz's opinion in finding that these events did not cause his heart attack.

The Panel's resolution of the causation issue is supported by substantial evidence and is in accord with applicable law. Thus, despite the conflicts in the evidence, we will not disturb its conclusion on review. *American Metals Climax, Inc. v. Cisne-*

*ros,* 195 Colo. 163, 576 P.2d 553 (1978); *Gelco Courier v. Industrial Commission,* 702 P.2d 295 (Colo.App.1985). In light of this resolution, we, like the Panel, need not address the issue of unusual exertion. Even if the events preceding the heart attack did amount to unusual exertion, the finding that these events did not cause it to occur is fatal to the claim for benefits. *See* § 8–41–108(2.5), C.R.S. (1986 Repl.Vol. 3B).

We disagree with claimant's remaining argument that in resolving his petition for review the Panel should have applied the standard of review which was in effect at the time of his injury in May 1983. *Compare* Colo.Sess. Laws 1981, ch. 86, § 8–53–106(2)(b) at 476, (Commission bound only by hearing officer's findings of evidentiary fact, but not by findings of ultimate fact) *with* § 8–53–111(7), C.R.S. (1987 Cum. Supp.) (Administrative Law Judge's findings shall not be altered by Panel if supported by substantial evidence). Also, *see May D & F v. Industrial Claim Appeals Office,* 752 P.2d 589 (Colo.App.1988).

■ It is true that in workmen's compensation cases, the rights and liabilities of the parties are determined by the statute in effect at the time of the claimant's injury. *See Miller v. Halliburton Services,* 689 P.2d 662 (Colo.App.1984), *aff'd,* 720 P.2d 571 (Colo.1986). However, if there are procedural changes in a statute such as those here, the changes are applicable to all cases pending at the time the new statute became effective unless a contrary intent is expressed by the General Assembly. *See Raisch v. Industrial Commission,* 690 P.2d 1290 (Colo.App.1984); *Krumback v. Dow Chemical Co.,* 676 P.2d 1215 (Colo. App.1983).

■ The date of the hearing is also not dispositive in determining which procedural statute to apply. Rather, the reviewing body should apply the statute which is in effect at the time it enters its order. *See Raisch v. Industrial Commission, supra.*

■ *Gonzales v. Industrial Commission,* 689 P.2d 675 (Colo.App.1984) (cert. dismissed by stipulation, July 9, 1985) does not require a different result. Assuming

*Gonzales* was correctly decided, the rule there expressed is limited to orders that were previously *interlocutory.* That decision does not affect our application of the general rule on retroactivity to the *final* order here.

The General Assembly did not express an intent to deviate from the general rule on final orders. Indeed, since the procedural changes in issue were imposed in conjunction with the abolition of the Industrial Commission and the creation of the Panel, it would be illogical to conclude that the General Assembly intended the Panel to apply a standard of review other than that set forth in its grant of authority.

The order is affirmed.

PIERCE and CRISWELL, JJ., concur.