Cresencio ORTIZ, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado, Tire Distribution Systems, and Travelers Insurance, Respondents.

No. 02CA1723.

Colorado Court of Appeals, Div. V.

July 17, 2003.

Rehearing Denied Aug. 28, 2003.

Certiorari Denied Jan. 12, 2004.

Irwin & Boesen, P.C., Chris L. Ingold, Denver, Colorado, for Petitioner.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

No Appearance for Respondent Industrial Claim Appeals Office.

Ray Lego & Associates, Justin A. Jeffrey, Englewood, Colorado, for Respondents Tire Distribution Systems and Travelers Insurance.

Opinion by Judge CRISWELL.*

In this workers' compensation proceeding brought against Tire Distribution Systems and its insurer, Travelers Insurance (collectively employer), Cresencio Ortiz (claimant) seeks review of an order of the Industrial Claim Appeals Office (Panel) dismissing, for lack of a final order, the appeal of an order of the administrative law judge (ALJ) striking claimant's request for a division-sponsored independent medical examination (DIME). We dismiss this proceeding for lack of jurisdiction.

On August 31, 2001, an authorized treating physician placed claimant at maximum medical improvement (MMI) for his December 2000 injury. However, no medical impairment rating was assigned, and employer did not file a final admission of liability. In September 2001, claimant filed a notice and proposal to select a DIME physician, and a DIME was conducted in January 2002 pursuant to claimant's request.

In the meantime, employer had filed a motion to strike claimant's request for the DIME, alleging that it was premature because employer had not filed a final admission of liability prior to the date claimant requested the DIME. The prehearing administrative law judge (PALJ) granted the motion, and the ALJ upheld the order, concluding that claimant's January 2002 DIME, as a DIME, was void. The ALJ then ordered the Division of Workers' Compensation to proceed with employer's timely filed DIME request.

Claimant also did not ask to expand employer's request to include consideration of the question of MMI. Rather, he filed a petition to review the ALJ's order, alleging, inter alia, that the PALJ lacked jurisdiction

to strike the DIME and that the DIME procedure abridged his various statutory and constitutional rights. Finding that the ALJ's order was interlocutory and, therefore, not yet appealable, the Panel dismissed claimant's petition for review.

I.

Claimant first contends that the ALJ's order is final, and therefore appealable, because he was denied benefits, including permanent disability benefits based on the impairment rating set forth on the January 2002 DIME, as well as continued temporary disability benefits. We disagree.

■ The Workers' Compensation Act grants this court jurisdiction only to review a "final order," § 8–43–307(1), C.R.S.2002, or a "final decision," § 8–74–107(2), C.R.S., of the ICAO. These terms have traditionally been interpreted as including only those orders that grant or deny benefits or penalties. *See Natkin & Co. v. Eubanks,* 775 P.2d 88 (Colo. App.1989); *see also* § 8–43–301(2), C.R.S. 2002 (panel has jurisdiction only to review an order that "requires any party to pay a penalty or a benefit or denies a claimant any benefit or penalty.").

■ Of course, under appropriate circumstances, the district courts in this state may exercise jurisdiction to determine the validity of orders that do not grant or deny benefits or penalties. *See, e.g., Whiteside v. Smith,* 67 P.3d 1240 (Colo.2003); *Colo. AFL–CIO v. Donlon,* 914 P.2d 396 (Colo.App.1995).

■ Here, the order, which determined that claimant's DIME was not properly obtained, did not, on its face, grant or deny claimant any penalty or benefits. Claimant, however, asserts that, from a practical standpoint, the order denying his request for a DIME denied him both temporary and permanent benefits. We disagree with this characterization of the order.

First, the order did not prevent claimant from requesting that the division expand the scope of the employer-requested DIME to

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

consider both the date of MMI and the degree of permanent impairment. *See* Dep't of Labor & Employment Rule VIII(A)(1)(a)(2), 7 Code Colo. Regs. 1101–3 (disputes about MMI not ripe for review until DIME is completed *or* ALJ determines that issue is ripe for hearing). And it would seemingly further the underlying purposes of the Act for the ALJ to grant such a request. *See Colo. Dep't of Labor & Employment v. Esser*, 30 P.3d 189 (Colo.2001)(purpose of Act is to compensate injured workers, while controlling costs and minimizing claim delays, and this purpose must be considered in interpreting provisions of Act); *Colo. Springs Disposal v. Indus. Claim Appeals Office*, 58 P.3d 1061 (Colo.App.2002)(court should avoid an interpretation of the Act that might render it unconstitutional); *Bestway Concrete v. Indus. Claim Appeals Office*, 984 P.2d 680 (Colo.App.1999)(statutory interpretation that would cause an absurd result should be avoided); *Singleton v. Kenya Corp.*, 961 P.2d 571 (Colo.App.1998)(presumption is that the General Assembly intends workers' compensation statutes to have a just and reasonable result).

Further, there has been no determination made that the impairment rating adopted by the physician in the first DIME is incorrect. The physician to be selected by the division to conduct the DIME at the employer's request, whether it be the same or a different physician, may well agree with that previous rating. And if the second physician does not agree, claimant may still present the testimony of the first physician in an attempt to overcome the second physician's opinion.

In short, if the division enters an order that determines the issues of MMI and claimant's impairment and if claimant disagrees with the Panel's conclusions, this court would then have jurisdiction to consider the various arguments that claimant now makes. Until that time, he cannot invoke the jurisdiction of this court, although the doors of other tribunals may be open to him.

## II.

We likewise lack authority to consider claimant's assertion that the Panel should

have reviewed the ALJ's order, even if it is interlocutory.

The petition for review is dismissed.

Judge CARPARELLI and Judge HUME concur.