JEFFERSON COUNTY PUBLIC SCHOOLS, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado and Joyce Jankowski, Respondents.

No. 07CA0634.

Colorado Court of Appeals, Div. II.

March 6, 2008.

Ritsema & Lyon, P.C., T. Paul Krueger, II, Denver, Colorado, for Petitioner.

John W. Suthers, Attorney General, Laurie Rottersman, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Buescher, Goldhammer, Kelman & Dodge, P.C., Joseph M. Goldhammer, Denver, Colorado, for Respondent Joyce Jankowski.

Opinion by Judge BERNARD.

In this workers' compensation proceeding, Jefferson County Public Schools (employer) seeks review of the dismissal of its petition to review for lack of a final order. We affirm.

Joyce Jankowski (claimant) sustained an admitted industrial injury in 1999. Employer requested a division-sponsored independent medical examination (DIME) in 2005 on the basis that claimant had not reached maximum medical improvement (MMI) within eighteen months of her injury, as authorized by section 8–42–107(8)(b)(II), C.R.S.2007. The DIME physician opined that claimant had not reached MMI and recommended six to twelve months of additional treatment.

In 2006, employer requested a follow-up DIME. The parties submitted cross-motions for summary judgment on the issue of whether claimant was required to submit to a follow-up DIME before her authorized treating physician (ATP) had placed her at MMI.

The administrative law judge (ALJ) granted claimant's motion and struck employer's request for a follow-up DIME. The ALJ construed employer's request for a follow-up DIME as a constructive challenge to the DIME report which attempted to circumvent the process required under the Workers' Compensation Act. Specifically, the ALJ found that employer's remedy was to seek a hearing pursuant to section 8–42–107.2(4), C.R.S.2007, in order to overcome the adverse DIME determination under section 8–42–107(8)(b)(III), C.R.S.2007.

On review, the Industrial Claim Appeals Office (Panel) dismissed employer's petition to review without prejudice, concluding that the ALJ's order was interlocutory and not subject to review under section 8–43–301(2), C.R.S.2007.

Employer seeks review of the dismissal in this court. We conclude that the ALJ's order is not final and that the Panel properly dismissed the petition to review without prejudice.

Section 8–43–301(2) authorizes the filing of a petition to review by any party dissatisfied with an order which requires the payment of either a penalty or benefits or denies a claimant any benefit or penalty. One purpose of this statute is "to avoid piecemeal litigation of workers' compensation claims," and, to that effect, it defines "what is a final, appealable order." *BCW Enters., Ltd. v. Indus. Claim Appeals Office,* 964 P.2d 533, 537 (Colo.App.1997). Thus, "[t]his section governs the appealability of an order issued by the ALJ or Panel and, accordingly, also determines whether such an order may be reviewed by this court." *Id.* at 536.

We review the Panel's order in the context of section 8–43–307(1), C.R.S.2007, which states that parties "dissatisfied with any final order of the division, may commence an action in the court of appeals." The term "final order" has "traditionally been interpreted as including only those orders that grant or deny benefits or penalties." *Ortiz v. Indus. Claim Appeals Office,* 81 P.3d 1110, 1111 (Colo.App.2003).

In *Ortiz,* the ALJ entered an order concluding that a claimant's DIME was void.

Although this order did not, on its face, grant or deny the claimant any benefits, the claimant argued its practical effect was to deny those benefits. The division disagreed with that characterization. *Id.* at 1111–12. We likewise disagree with employer's argument that the order in this case effectively grants claimant benefits.

■ Here, the ALJ's order does not deny claimant's right to pursue benefits, or order employer to begin paying them. The effect of the order is to continue benefits that have previously been ordered. It does not award new benefits, increase or decrease their amount, or bar employer from seeking to reduce or eliminate them once claimant reaches MMI. *See Raisch v. Indus. Comm'n*, 690 P.2d 1290, 1291 (Colo.App.1984) (order requiring employer to pay *additional* temporary total disability benefits was final for purposes of appeal, even though other issues, including permanent disability, were left open). Rather, because the process is ongoing, the order in this case leaves the door open for subsequent modifications of the existing award.

■ Employer relies on the Panel's decision in *Meza v. Conagra Beef Co.*, W.C. No. 4–444–220 (ICAO, Dec. 11, 2000), to support its position that the ALJ's order was final. Although we are not bound by the Panel's decisions, we give deference to the Panel's reasonable interpretation of the statutes it administers. *Leewaye v. Indus. Claim Appeals Office*, 178 P.3d 1254, 1258 (Colo.App. 2007). Here, we conclude employer's reliance is misplaced.

In *Meza*, the ALJ entered an order vacating a DIME and concluding that the claimant was estopped from filing any further applications for a DIME. The Panel decided that the order was final because it effectively denied the claimants any benefits. The Panel was careful to observe, however, that many orders associated with DIMEs are interlocutory:

[A] n order requiring the claimant to undergo a DIME prior to litigating the issue of MMI is interlocutory because the statute requires the claimant to obtain a DIME prior to challenging the treating physician's finding of MMI. However, such an order does not prevent the claimant from obtaining the benefits. . . .

[T] he consequences of [the ALJ's order] . . . are to deny the claimant's right to seek temporary disability benefits beyond the date of MMI as determined by the treating physician, and to prohibit the claimant from obtaining any whole person medical impairment benefits.

Thus, the ALJ's order in *Meza* effectively ended the claimant's ability to seek benefits. *See also Daniels v. WCM Indus.*, W.C. No. 4–456–886 (ICAO, Mar. 14, 2002) (by denying a claim for additional permanent disability benefits and affirming a dismissal of a request for a DIME, the ALJ's order is final because it "effectively prevents the claimant from obtaining additional permanent disability benefits").

Contrary to employer's position, *Meza* and *Daniels* support a conclusion that the order in this case was interlocutory. In both decisions, the Panel determined that the ALJ's order was final because it shut the door on the claimants' ability to obtain benefits, rather than leaving the door open. Here, the door remains open to employer because it will be able to raise arguments concerning the benefits to be awarded claimant once claimant reaches MMI.

Further, in *Abeyta v. WW Construction Mgmt.*, W.C. No. 4–356–512 (ICAO, Feb. 28, 2002), the Panel determined that an order similar to the one here was interlocutory. The Panel concluded that, unlike in *Meza*, the DIME procedure had been implemented, although in a manner the claimant found objectionable; the claimant's right to seek further benefits was not absolutely barred; and the claimant retained the right to object to the ALJ's ruling once benefits were awarded or denied.

■ Employer contends it will be adversely affected by a conclusion that the ALJ's order was interlocutory, arguing that (1) it will be permanently foreclosed from litigating the issue whether claimant has reached MMI; and (2) it will be denied further opportunities to have a DIME physician evaluate the effect of the prescribed course of treat-

**1202**

ment. However, these arguments do not provide a basis for evaluating whether orders are interlocutory or final. Although there may be burdens associated with the lack of immediate review, those burdens do not provide the basis for transforming interlocutory orders into final ones. *See Gonzales v. Indus. Comm'n,* 689 P.2d 675, 677 (Colo.App. 1984).

Employer has not been, and will not be, denied its remedies by our conclusion that the order it now seeks to review is interlocutory.

- Employer used the statutory mechanism for challenging the ATP's determination that claimant had not reached MMI by requesting a DIME. § 8–42–107(8)(b)(II).

- Employer chose not to seek a hearing at which it could contest the findings in the DIME. *See* §§ 8–42–107(8)(b)(III), 8–42–107.2(4).

- Employer obtained a utilization review before a committee of physicians to determine whether the treatment afforded claimant by the ATP was reasonably necessary or proper. *See* § 8–43–501(1), (3), C.R.S.2007.

- Employer was unsuccessful before the utilization review committee, but did not seek review of the committee's findings before an ALJ. *See* § 8–43–501(5)(a), C.R.S.2007.

- Employer can obtain the DIME physician's evaluation of claimant's continuing course of treatment by the ATP after the ATP determines that claimant has reached MMI.

- Employer will be able to seek review of the issues it wishes to raise on appeal now when claimant reaches MMI and orders are entered granting or denying benefits. *See* § 8–43–301(2); *BCW,* 964 P.2d at 537 (an interlocutory order becomes reviewable when appealed incident to or in conjunction with an otherwise final order).

The ALJ's order, by its express terms, neither awards nor denies benefits and is,

therefore, an interlocutory order not subject to review.

The Panel's order is, therefore, affirmed.

Judge ROTHENBERG and Judge CARPARELLI concur.