24CA2034 Farrar v ICAO 05-01-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2034
Industrial Claim Appeals Office of the State of Colorado
DD No. 22727-2024

Howard Farrar,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER AFFIRMED

Division A
Opinion by JUSTICE MARTINEZ*
Román, C.J., and Taubman*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 1, 2025

Howard Farrar, Pro Se

No Appearance for Respondent

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1 Howard Farrar appeals the denial of his claim for unemployment compensation benefits. We affirm.

## I. Background

¶ 2 TTEC Services Corporation (TTEC) discharged Farrar from his position as a customer service insurance agent. Farrar applied for unemployment compensation benefits with the Division of Unemployment Insurance (the Division), and a deputy for the Division determined Farrar was entitled to benefits. TTEC appealed that decision, and the Division scheduled the matter for an evidentiary hearing regarding the reasons for Farrar's employment separation.

¶ 3 TTEC failed to appear for the hearing, and the hearing officer dismissed the appeal. TTEC then requested a new hearing, explaining that it had not timely received notice of the past hearing. The hearing officer granted TTEC's request, noting that it was not challenged by Farrar and that there was a rebuttable presumption that good cause excused TTEC's failure to appear.

¶ 4 The hearing officer held the rescheduled hearing in September 2024. TTEC participated, but Farrar did not. After taking evidence, including Farrar's written statement and an email from him to his

former supervisor, the hearing officer issued an order finding that (1) Farrar was disqualified from receiving benefits, pursuant to section 8–73–108(5)(e)(XX), C.R.S. 2024; and (2) Farrar was at fault for his employment separation.

¶ 5 Farrar appealed the hearing officer's decision to the Industrial Claim Appeals Office (Panel) and also explained his reasons for missing the September hearing. The Panel construed this argument as a request for a new hearing and denied that request, finding that Farrar had failed to demonstrate good cause for his absence from the September hearing. A few weeks later, the Panel issued a second order, affirming the hearing officer's decision on the merits.

## II. Discussion

¶ 6 Farrar challenges both the Panel's denial of his request for a new hearing and its decision to affirm the hearing officer's disqualification determination. For the reasons explained below, we affirm.

## A. Standard of Review

¶ 7 Under section 8-74-107, C.R.S. 2024, we may not disturb factual findings "supported by substantial evidence" and may only

set aside the Panel's decision if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the factual findings don't support its decision; or (4) the decision is erroneous as a matter of law. Substantial evidence is "probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a particular finding." *Rathburn v. Indus. Comm'n*, 566 P.2d 372, 373 (Colo. App. 1977).

## B. Request for a New Hearing

¶ 8 We may not consider Farrar's challenge to the Panel's denial of his request for a new hearing. Under section 8-74-107(2), we may only review "final decision[s]" from the Panel. "Final decisions" grant or deny benefits or penalties. *Ortiz v. Indus. Claim Appeals Off.*, 81 P.3d 1110, 1111 (Colo. App. 2003). Because the denial did not grant or deny benefits, it is not a final decision within section 8-74-107's meaning, and thus we cannot review it. § 8-74-107(2). However, we note that Farrar does not claim that there is any evidence or explanation in addition to his written statement and email that he would have presented had he been present at the hearing.

## C. Disqualification

¶ 9 Section 8-73-108(5)(e)(XX) disqualifies a claimant from receiving benefits if his "failure to meet established job performance or other defined standards" caused his employment separation. To evaluate cause, the hearing officer considers the totality of the evidence and determines the motivating factors in the employee's separation. *Eckart v. Indus. Claim Appeals Off.*, 775 P.2d 97, 99 (Colo. App. 1989). "All that is required to establish a disqualification pursuant to § 8–73–108(5)(e)(XX) is that claimant did not do the job for which [they were] hired and which [they] knew was expected of [them]." *Pabst v. Indus. Claim Appeals Off.*, 833 P.2d 64, 64–65 (Colo. App. 1992).

¶ 10 The hearing officer found that TTEC discharged Farrar because he transferred multiple calls regarding billing issues to other agents, even though he was equipped and expected to handle such calls.

¶ 11 Farrar argues that he did not know that TTEC expected him to handle those calls. He states that he routinely made such transfers over the course of six years, without receiving any corrective action

from his supervisors. He apologized and represented that he would have changed his routine had he been asked to do so.

¶ 12 Farrar's former supervisor testified that TTEC tasked Farrar with handling billing questions and trained him to do so. She explained that after a call transferred to another agent was brought to her attention, she "started digging a little deeper" and "listening a little harder." She said she found several calls that had been transferred to another agent in the short time span she reviewed.

¶ 13 The hearing officer reasonably inferred that Farrar knew that TTEC expected him to handle billing questions. While the hearing officer did not explicitly make such a finding, the Panel, in affirming the hearing officer's decision, determined that "[t]he hearing officer found, in substance, that the claimant transferred customer calls even though he was aware that the employer expected him to resolve the calls himself." As acknowledged above, there is evidence in the record that Farrar knew that he was expected to handle the subject calls. We may not reweigh the evidence and substitute our judgment for that of the hearing officer. Thus, we may not disturb a reasonable inference supported by substantial evidence. *See*

5

*Tilley v. Indus. Claim Appeals Off.*, 924 P.2d 1173, 1177 (Colo. App. 1996).

## III.  Disposition

¶ 14  The Panel's order is affirmed.

CHIEF JUDGE ROMÁN and JUDGE TAUBMAN concur.